UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT C. SIMMONS,

        Plaintiff,

    v.

UNITED STATES GOVERNMENT, *et al.*

        Defendants.

Case No. 25-cv-851 (JMC)

**MEMORANDUM OPINION**

    Pro se plaintiff Robert C. Simmons sues the "United States Government" and a litany of government entities and financial institutions.[1] His 178-page complaint raises a host of concerns about the purported failures of the federal government, "corporate waste," ECF 1 at 118, "abuse of control," *id.* at 115, "unjust enrichment," *id.* at 122, and general "flaw[s]" of the "U.S. economic system," *id.* ¶ 208. He describes himself as a "taxpaying shareholder . . . within the widely held corporation known as The United States," *id.* ¶ 1, and claims that he had "no choice but to bring this derivative action[] to hold the United States accountable to its Constitutional bylaws." *Id.* ¶ 217. He brings causes of action against Defendants for alleged violations of the Constitution, criminal statutes, and for claims of negligence, fraud, and breach of contract, among others. *Id.* at 124–56.

---

[1] The named defendants, in addition to the United States, are: U.S. House of Representations; U.S. Senate; Supreme Court of the United States; U.S. Department of Justice; U.S. Department of Treasury; D.C. Office of the Attorney General; Board of Governors of the Federal Reserve; Federal National Mortgage Association; Federal Home Loan Mortgage Corporation; Bank of America Corporation, Bank of America, N.A.; Citigroup Inc.; Citibank, N.A.; Citimortgage, Inc.; J.P. Morgan Chase & Company; J.P. Morgan Chase Bank, N.A.; Wells Fargo & Company; Wells Fargo Bank, N.A.; and American International Group, Inc.

Defendants who have appeared in this action have filed motions to dismiss Plaintiff's complaint. ECF 20, 21, 22, 27, 30, 40, 53. Collectively, they identify many problems with Plaintiff's pleading that they argue require dismissal, but one issue is dispositive: Plaintiff has no standing to assert general grievances against the federal and District governments, banks, and other financial institutions. Without standing, this Court has no jurisdiction to entertain Plaintiff's claims and dismisses this case in its entirety against *all* Defendants—including those who did not raise standing or otherwise have not appeared—pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

## I.  ANALYSIS

Pro se complaints, like this one, are "held to less stringent standards" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But standing requirements are not relaxed for pro se litigants; without standing, this Court has no subject matter jurisdiction. *See, e.g.*, *Bos. & Me. Corp. v. Surface Transp. Bd.*, 364 F.3d 318, 319 (D.C. Cir. 2004). The doctrine of standing derives from Article III of the Constitution, which extends the judicial power of the United States only to "[c]ases" and "[c]ontroversies." U.S. CONST. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (en banc) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Injuries cognizable in Article III courts must be "concrete, meaning . . . real and not

---

[2] Defendants who have not yet appeared in this action are: Supreme Court of the United States; D.C. Office of the Attorney General; Citigroup, Inc.; Citibank, N.A.; and Citimortgage, Inc. Although the docket reflects an affidavit of service upon the Office of the Attorney General, other Defendants do not appear to have been served. That is of no moment given the Court's disposition of this case.

abstract," and "particularized," meaning that the injury "must affect the plaintiff in a personal and individual way and not be a generalized grievance." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024).

Plaintiff's complaint is nothing more than an assortment of his generalized grievances against Defendants, which does not confer standing. He does not describe any specific dealing that he has had with any Defendant; nor does he allege anything that they have done to him personally. For example, he complains that the banks he sues have "engaged in unfair and deceptive practices," ECF 1 ¶ 118, but his complaint makes no allegation that he was ever subjected to any such practices. He blames the Federal Reserve for past financial crises, *id.* ¶¶ 179–80, and identifies "systemic flaws" in Congress's operations that he believes led the government to "utilize[] taxation to create a large insurance fund, not for the victims of private sector economics but for its assailants," *id.* ¶ 183. Those allegations, again, fail to describe any particularized injury that Plaintiff has suffered. He also recounts the purported "[f]ailures of the Supreme Court," *id.* at 108, and implores the Justices to "do their part" to "devise a more sound monetary method to secure the general Welfare and Equal Protection of the American people." *Id.* at 9. But such allegations— "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—do[] not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). Indeed, he acknowledges the breadth of his claims by attempting to bring this action "on behalf of the naturally created people of the United States," ECF 1 at 2, and seeking sweeping relief, like asking the Court to "set up an independent agency within the Treasury" and require that the United States deposit "$635 billion in debt-free money" in a bank to "disseminate [to] the

3

general Welfare as it sees fit, not how private banks see it."[3] *Id.* at 172. That he purports to stand in the shoes of every other United States citizen establishes that his claimed injuries are neither concrete nor particularized. The case must be dismissed.

Certain Defendants have requested that the Court dismiss this case with prejudice. *See, e.g.*, ECF 20-1 at 6. The Court recognizes that a dismissal with prejudice is "the exception, not the rule." *Umude v. Am. Sec. Programs, Inc.*, 107 F. Supp. 3d 52, 55 (D.D.C. 2015). If the Court thought there was anything Plaintiff could do to save his case from dismissal, it would afford him the opportunity to amend his pleading. But the Court finds that this is the rare case in which dismissal with prejudice is warranted at the outset. Plaintiff laid out his claims over almost 200 pages. And he makes explicit in his filings that he is not bringing this case because of anything specific that has happened to him, but because of the various failures of Defendants that he believes have harmed the American public. In opposing the Defendant Banks' motions to dismiss on the ground that he does not identify any specific transactions he entered with any bank, he claims that he did not need to do so because the nature of this action, a purported "derivative suit," "is not personal but belongs to the corporation" (the "corporation" here, according to Plaintiff, being the people of the United States). ECF 25 at 4–5. Having admitted that this is not a case he is seeking to bring in any individual capacity, there is nothing more Plaintiff can add to his voluminous complaint that could change the nature of his grievance from general to specific. Because this Court easily concludes that "the allegation of other facts consistent with the challenged pleading

---

[3] Plaintiff, a pro se litigant, cannot bring a class action complaint because he cannot represent others in court. *See. e.g.*, *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (observing that a pro se litigant "is not qualified to appear in the District Court . . . as counsel for others).

could not possibly cure the deficiency," the Court dismisses this case with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Accordingly, the Court **GRANTS** the pending motions to dismiss. ECF 20, 21, 22, 27, 30, 40, 53. Because the Court can dismiss a complaint sua sponte for lack of subject matter jurisdiction, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), the Court **DISMISSES** this matter in its entirety as to all Defendants, even if a Defendant did not raise standing in its motion or has not yet appeared or been served. For the reasons stated above, the matter is **DISMISSED WITH PREJUDICE**. Plaintiff's Supplemental Motion for Writ of Mandamus/Notice of Constitutional Challenge, ECF 49, is **DENIED** as moot.

A separate order accompanies this opinion.

                                                                                          _____
                                                                                          JIA M. COBB
                                                                                          United States District Judge

Date: February 26, 2026